IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICHARD NEHLS,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>NEBRASKA,<br><br>　　　　　　Defendant. | 8:19CV362<br><br>MEMORANDUM<br>AND ORDER |

Plaintiff Richard Nehls filed his Complaint on August 23, 2019. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff names the State of Nebraska as the sole defendant in this action. Plaintiff utilized the form Pro Se 1 Complaint for a Civil Case and under "Statement of Claim" wrote "None." (Filing No. 1 at CM/ECF p. 4.) Plaintiff also failed to specify what relief he seeks.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

The court has carefully reviewed Plaintiff's Complaint, keeping in mind that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, as set forth above, even pro se litigants must comply with the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). Complaints filed in federal court must also contain "a demand for the relief sought." Fed. R. Civ. P. 8(a)(3). Here, Plaintiff's Complaint fails to meet the minimal pleading standard and does not specify the relief he seeks.

Moreover, the Eleventh Amendment bars private parties from suing a state in federal court. *Doe v. Nebraska*, 345 F.3d 593, 597 (8th Cir. 2003). Thus, Plaintiff cannot maintain suit against the State of Nebraska in this court. Accordingly,

IT IS ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice for failure to state a claim.

2. The court will enter judgment by a separate document.

3. Plaintiff's pending Motion for Appointment of Counsel (filing no. 3) is denied as moot.

Dated this 3rd day of September, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge