IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RICHARD NEHLS,

             Plaintiff,

vs.

NEBRASKA,

             Defendant.

8:19CV362

**MEMORANDUM
AND ORDER**

This matter is before the court on Plaintiff's Motion for Leave to Appeal in Forma Pauperis. (Filing No. 11.) Plaintiff filed a Notice of Appeal (filing no. 9) on September 16, 2019.[1] Plaintiff appeals from the court's Judgment dated September 3, 2019 (filing no. 8), in which the court dismissed this matter without prejudice.

As set forth in Federal Rule of Appellate Procedure 24(a)(3):

(a) Leave to Proceed in Forma Pauperis . . .

> (3) Prior Approval. A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
>> (A) the district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding . . . .

---

[1] Upon filing, the Notice of Appeal was unsigned. On September 23, 2019, Plaintiff filed a signed copy of the Notice of Appeal after being informed of the signature deficiency by the clerk's office. (Filing No. 9-1.)

The court finds that because Plaintiff proceeded IFP in the district court, he may now proceed on appeal in forma pauperis without further authorization.[2]

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to Appeal in Forma Pauperis ([filing no. 11](#)) is granted.

Dated this 1st day of October, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

[2] The court is aware from other actions filed by Plaintiff in this court that Plaintiff is committed to a state mental institution. (*See, e.g.*, [Filing No. 1](#), Case No. 8:19CV337.) Thus, the court has not calculated and collected the appellate filing fee in accordance with the Prison Litigation Reform Act ("PLRA") because Plaintiff is not a "prisoner" within the meaning of the PLRA. *See* [*Reed v. Clarke*, No. 4:04CV3168, 2005 WL 1075092, at *1 n.1 (D. Neb. May 5, 2005)](#) ("The plaintiff is presently in the Lincoln Regional Center pursuant to a mental health commitment. The Prison Litigation Reform Act ('PLRA') does not apply to persons in custody pursuant to the Mental Health Commitment Act, as the definition of 'prisoner' in the PLRA does not include a person involuntarily committed for reasons of mental health.") (citing [*Kolocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir.2001)](#)).